IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER S. ROBBINS, DARREN L. BUTTLE, and SAMANTHA BUTTLE,  )<br>)<br>Plaintiffs,    )<br>)<br>v.    )<br>)<br>)<br>RICHARD LADING,    )<br>)<br>Defendant.    ) | 10-CV-605-WDS |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

This matter is before the Court on defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), 735 ILCS §5/13-203 and §5/13-203 (Doc. 56). Plaintiffs Christopher Robbins and Darren Buttle have responded to the motion (Doc. 60), and the defendant has replied to that response (Doc. 63).

**I.    BACKGROUND**

Plaintiffs filed their original Complaint on October 10, 2009, alleging defendant negligently operated a motor vehicle causing multiple injuries to Plaintiffs Christopher Robbins and Darren Buttle. Plaintiffs alleged that on November 21, 2008, they were struck by a vehicle driven by defendant, sustaining various injuries and accruing damages. Plaintiffs sought and received leave to file a Second Amended Complaint (Doc. 36), adding Samantha Buttle's loss of consortium claim. Defendant seeks dismissal of count three, the loss of consortuim claim, on the grounds that it is barred by the applicable statute of limitations. The parties agree that pursuant to 735 ILCS §5/13-203, the statute of limitations for personal injury matters expired on November 21, 2010.

A.   **Standard for Dismissal**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). A case can be dismissed because a complaint pleads facts establishing that the defendant is entitled to prevail. *Bennett v. Schmidt,* 153 F.3d 516, 519 (7th Cir.1998); *Soo Line R.R. Co. v. St. Louis S.W. Ry. Co.,* 125 F.3d 481, 483 (7th Cir.1997); see *Hecker v. Deere & Co.,* 556 F.3d 575, 588 (7th Cir.2009) (dismissal appropriate when party pleads facts establishing defense to his claim), *cert. denied,* 130 S.Ct. 1141(2010).

Plaintiffs assert that their Second Amended Complaint relates back to the original Complaint. Although all parties agree that the statute of limitations applicable to this diversity case is the Illinois two-year statute of limitations for personal injury, 735 ILCS § 5/13-202, *See Allstate Ins. Co. v. Menards, Inc.,* 285 F.3d 630, 633 (7th Cir.2002) (noting statutes of limitations are generally substantive matters governed by state law in federal diversity jurisdiction cases), they disagree about whether the loss of consortium claim relates back to the date Plaintiffs filed the original Complaint. Federal Rule of Civil Procedure 15(c) governs relation back of amended pleadings for statute of limitations purposes. That rule provides, in pertinent part:

> **(1) *When an Amendment Relates Back.*** An amendment to a pleading relates back to the date of the original pleading when:
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be

> prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed.R.Civ.P. 15(c)(1). Plaintiffs assert that the amendments relate back to the original Complaint under subsection (B). Defendant argues that subsection (A) requires the court to apply Illinois law, which does not allow relation back under 735 ILCS §5/13-203.

Any analysis by this Court of the concept of "relation back" must begin with Fed.R.Civ.P. 15(c). As a general proposition, an amendment of a pleading relates back to the original pleading if "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(1)(B). But, when an amendment seeks to change a party against whom a claim is asserted, as opposed to changing merely the allegations set forth in the pleading, the relation back rule is more stringent. Such an amendment relates back only if:

> Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed.R.Civ.P. 15(c)(1)(C).

When an amendment seeks to change a party against whom a claim is asserted, Rule 15(c)(1)(C) requires more than a showing that the claim arose out of the same conduct or transaction originally pleaded, and the Court must determine the issues of prejudice and notice. The Seventh Circuit has stated:

3

> Rule 15(c) provides that relation back is allowed if it is permitted by the state law that provides the applicable statute of limitations, here Illinois. See Fed.R.Civ.P. 15(c)(1). The rationale is that if state law "affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim." See Fed.R.Civ.P. 15(c)(1), commentary to the 1991 Amendment. . . . Under Illinois law, relation back is allowed only when two requirements are met: (1) the original complaint was timely filed, and (2) the amended complaint grew out of the same transaction or occurrence set forth in the original pleading. See 735 ILCS 5/2-616(b); *Digby v. Chicago Park Dist.*, 240 Ill.App.3d 88, 181 Ill.Dec. 43, 608 N.E.2d 116, 118 (1992).

*Henderson v. Bolanda*, 253 F.3d. 928, 932-33 (7th Cir. 2001). Rule 15(c) also requires that the party to be added had notice of the claims within the period provided by Rule 4(m). Fed. R. Civ. P. 15(c)(1)(C); *Keller v. United States*, 444 F. App'x 909, 911 (7th Cir.2011). Therefore, "Rule 15(c) incorporates not only Rule 4(m)'s standard allowance of 120 days for service of process, but also any extension of time for good cause." *Keller*, 444 F. App'x at 911 (citing Fed. R. Civ. P. 15(c) Advisory Comm. Notes (1991 Amendment)); accord *Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir.2010). Accordingly, a party can be added if the defendant received notice within 120 days—plus any extensions for good cause—of the timely filed complaint. *Keller*, 444 F. App'x at 912.

The Seventh Circuit, in general, focuses on the questions of fair notice and absence of undue prejudice when determining whether it is appropriate to add in a new party. See, *Paskuly v. Marshall Field & Company,* 646 F.2d. 1210, 1211 (7th Cir. 1981)[1]. "In federal law 'the criterion of relation back is whether the original complaint gave the defendant enough notice of

---

[1] In *Paskuly,* the court noted that an amended pleading "relates back" to the date of the original pleading under Rule 15(c) of the Federal Rules of Civil Procedure when the defendant is put on notice of this possible claim, "We note that the original complaint alleged that defendant engaged in practices that discriminated against women because of their sex; the defendant was thereby on notice that it might be required to defend its employment practices from charges of class-based discrimination." 646 F.2d. at 1211.

the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one.'" *Marshall v. H & R Block Tax Services, Inc.,* 564 F.3d 826, 829 (7th Cir. 2009) (quoting *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir.2006))

Therefore, the "central underlying question which a court must decide when determining whether a claim asserted by a new plaintiff shall relate back to the time of the original plaintiff's claim is whether the defendant had such notice of the added claim at the time the action was commenced that relation back of the added claim will not cause defendant undue prejudice."*See, Olech v. Village of Willowbrook*, 138 F.Supp. 1036, 1042 (N.D. Ill. 2000). In *Olech* the district court noted that: "[A] focus on the plaintiff's motivations is not the focus mandated by Rule 15(c), which seeks not to punish a plaintiff for his or her tardiness but instead seeks to ensure that adding a party plaintiff after the expiration of the statute of limitations does not violate essential fairness to the defendants already in the case." *Id.* at 1044. Further, "The reasons for the delay in adding the plaintiff are immaterial to that inquiry… [T]he fundamental purpose of Rule 15(c) is served by focusing on the questions of notice and absence of prejudice to the defendants." *Id.*)

This Court will, therefore, look to (1) whether the new plaintiff's claim arose out of the "same conduct, transaction or occurrence" as the allegations of the original complaint; (2) whether the added plaintiff shares an identity of interest with the original plaintiffs; (3) if the defendant has had notice of the added plaintiff's claim; and (4) if the addition of the new plaintiff would causes the defendant prejudice. *Id.*

    1.Same Conduct, Transaction or Occurrence**.**

There is no question that Mrs. Buttle's claim satisfies the requirement that it arises out of the same transaction, conduct or occurrence alleged in the original complaint. Her claim is based upon the same allegations of negligence laid out in the plaintiffs' original Complaint, and the basis of the loss of consortium claim arises from the same "core facts" as the claims asserted in the original complaint. Therefore, it is clear that claim arises out of the same conduct, transaction or occurrence alleged in that complaint. See *Bularz v. Prudential Ins. Co. of America,* 93 F.3d 372, 379 (7th Cir.1996). The Court, therefore, **FINDS** that her claim arises out of the same facts as the original complaint.

### 2. Identity of Interest

"Parties share an identity of interest when there is a relationship so close that a court can conclude that a defendant had notice of a new party's potential claims and thus would not suffer any prejudice by the party's addition." *Olech*, 138 F. Supp. 1045. In this case, the relationship between Mrs. Buttle and her husband, Darren Buttle, was of such an intimate legal nature that the two parties share an "identity of interest," and her claim clearly arises out of his injuries. Therefore, for purposes of the Rule 15(c) analysis, the Court **FINDS** that their claims satisfy the "identity of interest" test.

### 3. Fair Notice

Perhaps the most essential factor in the Court's inquiry is fair notice. Consequently, an amended complaint will not relate back unless the original complaint provided the defendant with fair and timely notice that it might have to defend a claim brought by the new plaintiff. *Paskuly,* 646 F.2d at 1211 (allowing claims by newly-added plaintiffs related back where the original allegations placed the defendant "on notice that it might be required to defend its

employment practices from charges of class-based discrimination")).

In *Sherwin Manor Nursing Center v. McAuliff,* 1997 WL 367368 *7 (N.D. Ill. , 1997) District (now Circuit) Judge Williams said fair notice has been given to the defendant, " if the amended complaint does not alter the known facts and issues of the original complaint." As noted previously, Mrs. Buttle's claim arises from the same conduct, transaction or occurrence as pleaded in the original Complaint. In addition, her claim does not alter the facts and issues originally raised, but instead is based on the same facts and theories originally plead. Therefore, the Court **FINDS** that the defendant had fair notice of Mrs. Buttle's potential claim.

### 4. Undue Prejudice

Undue prejudice to the opposing party can bar an amended complaint from relating back to the original pleading.  The addition of a new party plaintiff can cause undue prejudice if relevant evidence has been lost or compromised due to the passage of time, or where the proposed amendment does not afford defendant adequate time for a meaningful defense. Defendant has not alleged any such prejudice here from adding Mrs. Buttle as a plaintiff. Although the addition of Mrs. Buttle's claim would increase the defendant's potential liability in the case, as there would be three plaintiffs seeking damages rather than two, an increase in potential liability is not a sufficient reason to deny relation back for a claim. *See, Gregg Communications Systems, Inc. v. American Telephone and Telegraph Co.,* 98 F.R.D. 715, 720 (N.D.Ill.1983).

Although not required, plaintiffs offer an explanation as to their delay in asserting the claim of Mrs. Buttle.  Even without plaintiffs explanation, when a plaintiff belatedly seeks to join a suit, "the fundamental question is not why the plaintiff failed to act sooner, but rather

whether the late addition to the case comes without fair notice to the defendants and would cause undue prejudice." *Id.* at 1047. Here, there has been fair notice to the defendant and the addition of Mrs. Buttle's claim would not result in undue prejudice.

Although he identifies no type of undue prejudice, defendant protests that the claim by Mrs. Buttle should not relate back because Illinois law regarding loss of consortium claims under §5/13-203 does not allow for the relation back of claims made beyond the applicable two-year statute of limitations. The Court is not so persuaded. Under Fed.R.Civ.P. 15(c)(1)(A), "Illinois has a relation-back rule that is functionally identical to Rule 15(c)." *Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 751 (7th Cir. 2005) (citing 735 ILCS §5/2-616(b)); see also *Zeh v. Wheeler*, 489 N.E.2d 1342, 1348-49 (1986) (relying on cases under Rule 15(c) to elucidate the meaning of the state relation-back statute). In Illinois, a claim relates back when it arises out of the same transaction or occurrence as the one identified in the original complaint. *Schorsch v. Hewlett-Packard Co.,* 417 F.3d 748, 751 (7th Cir. 2005) (citing *Mayle v. Felix,* 545 U.S. 644 (2005)). An amendment relates back in Illinois when the original complaint "furnished to the defendant all the information necessary . . . to prepare a defense to the claim subsequently asserted in the amended complaint." *Schorsch v. Hewlett-Packard Co.,* 417 F.3d 748, 751 (7th Cir. 2005) (quoting *Boatmen's National Bank of Belleville v. Direct Lines, Inc.,* 656 N.E.2d 1101, 1107 (1995)). As explained above, the Plaintiffs' original complaint meets this standard.

## CONCLUSION

For all the foregoing reasons, Defendant's motion to dismiss count three of the Second

Amended Complaint  (Doc. 56) is **DENIED**.


**IT IS SO ORDERED.**

**DATE:   July 16, 2012**

                                                **/s/  WILLIAM D. STIEHL**
                                                   **DISTRICT JUDGE**