IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER S. ROBBINS,  DARREN ) <br> L. BUTTLE, and SAMANTHA BUTTLE, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> RICHARD LADING, ) <br> ) <br> Defendant. ) | 10-CV-605-WDS |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

This matter is before the Court on plaintiffs' motion to determine the sufficiency of defendant's responses to the request for admissions (Doc. 65) to which defendant has filed a response (Doc. 66).

The plaintiff submitted two requests for admission to the defendant. Request 1 asked the defendant to admit the genuineness of certain medical records involving defendant's medical treatment while a patient at Bishop Medical Hospital. Request 2 asked the defendant to admit opinions and diagnoses as set forth in the medical records from Bishop Eye Associates and Heritage Medical Center represent opinions that the authors would provide within a reasonable degree of medical certainty.

In response to the request to admit, the defendant stated that he could neither admit nor deny as to either request because it would require him to speculate or guess. In response to the plaintiff's motion, the defendant properly notes that he is not qualified to admit facts concerning copies of his medical records, and to what his medical records contain or to what treating physicians and hospitals

might testify.

This is not a situation where the plaintiff has asked the defendant to stipulate to the existence of or the validity of a record, including reports in that record, rather, plaintiff has asked the defendant to admit, pursuant to Fed. R. Civ. P. 36. Rule 36 "provides that any matter deemed admitted is conclusively established, 'unless the court on motion permits withdrawal or amendment of the admission.'" Fed.R.Civ.P. 36(b). Defendant was within his legal right to refuse to admit these two questions given the nature of the questions and what they asked defendant, who is not a physician or hospital records custodian, to admit.

Accordingly, the Court **DENIES** plaintiffs the relief they seek in the motion to determine the sufficiency of defendant's responses.

**IT IS SO ORDERED.**

**DATE:   18 July, 2012**

                                      **/s/  WILLIAM D. STIEHL**
                                          **DISTRICT JUDGE**